IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL CHAVEZ, ID # 929860,      )
      Petitioner,             )
vs.                             )      No. 3:04-CV-2242-M (BH)
                              )          ECF
NATHANIEL QUARTERMAN, Director,  )    Referred to U.S. Magistrate Judge
Texas Department of Criminal        )
Justice, Correctional Institutions Division,  )
      Respondent.           )

SUPPLEMENTAL
FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of Re-Reference dated August 27, 2007, subject cause has previously been referred to the United States Magistrate Judge. The supplemental findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On July 6, 2007, the undersigned Magistrate Judge issued Findings, Conclusions, and Recommendation (FCR) in this case. On July 11, 2007, respondent filed objections to the FCR wherein he inter alia sought clarification of the final sentence: "For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice." Respondent objected because he had not argued that the petition was untimely and the Court had conducted no time-bar analysis in the FCR. He also objected to the Court's bypassing of the procedural issue to address the merit of the alleged procedurally barred claim. On August 23, 2007, the Court received petitioner's response in opposition to respondent's objections wherein he argues that his "no evidence" claim was not procedurally barred.

As stated in the original FCR, the Court properly bypassed the procedural issue raised with respect to petitioner's "no evidence" claim and recommended denial on the merits. *See* 28 U.S.C. § 2254(b)(2) (providing that the Court may deny a habeas petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'"); *Braswell v. Dretke*, No. 3:02-CV-0342-M, 2004 WL 2583605, at *4 (N.D. Tex. Nov. 12, 2004) (findings, conclusions, and recommendation which recognizes that "the district courts may deny habeas relief for procedurally defaulted claims" in lieu of deciding the issue of procedural bar), *accepted by* 2005 WL 1058865 (N.D. Tex. May 2, 2005). This objection provides no basis to alter or modify the original FCR.

However, respondent's request for clarification of the FCR's final sentence does necessitate a modification of the original FCR. As pointed out by respondent, the FCR contains no time-bar analysis, and the final sentence recommending denial on this basis was erroneous and the result of a clerical mistake. Consequently, the final recommendation in FCR is hereby modified to read as follows: "For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas relief brought pursuant to 28 U.S.C. § 2254."

**SIGNED this 28th day of August, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these supplemental findings, conclusions, and recommendation on petitioner by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE